USCA1 Opinion

 

 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT  ____________________ No. 96-1049 BRAE ASSET FUND, L.P., Plaintiff, Appellant, v. WELD MANAGEMENT, INC., Defendant, Appellee.  ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Richard G. Stearns, U.S. District Judge] ___________________  ____________________ Before Torruella, Chief Judge, ___________ Cyr and Lynch, Circuit Judges. ______________  ____________________ John A. Doonan, with whom Doonan & Graves, Debra Csikos, and _______________ ________________ _____________ Acquisition Management, Inc. were on brief for appellant. ____________________________ Joseph K. Mackey, with whom Kearney & Gleason, P.C. was on brief ________________ _______________________ for appellee.   ____________________ December 3, 1996  ____________________ Per Curiam. Following oral argument and a careful Per Curiam. ___________ review of the briefs and the entire record on appeal, we affirm the summary judgment entered in favor of Weld Management, Inc. ("Weld"), essentially for the reasons stated by the district court. Largely on the strength of inapposite authorities, see, e.g., Den Norske Bank AS v. First Nat'l Bank of Boston, 75 ___ ____ ___________________ ___________________________ F.3d 49 (1st Cir. 1996); Cofman v. Acton Corp., 958 F.2d 494 (1st ______ ___________ Cir. 1992), appellant Brae Asset Fund, L.P. ("Brae") asserts on appeal that the plain literal import of the language in the limited recourse loan guaranty drafted by its predecessor in interest, Bank of New England, and executed by Weld's predecessor in interest, E. Denis Walsh, Inc. should be disregarded because the parties could not have intended that a loan guaranty be rendered meaningless as the district court's interpretation essentially does. Brae's argument fails.  Even assuming that the guaranty language is ambiguous, Brae did not generate a trialworthy issue of material fact, see, ___ e.g., Den Norske Bank AS, 75 F.3d at 53, since it proffered no ____ ___________________ extrinsic evidence (e.g. circumstances surrounding negotiations or execution of guaranty, "usage of trade" evidence, course of dealing) which might enable a reasonable factfinder to determine that the parties meant the limited recourse guaranty to be unlimited, as Brae urges. See id. at 55-59. In fact, Brae has ___ __ not so much as intimated that any such extrinsic evidence exist- ed, nor indicated, for example, whether the original guarantor, E. Denis Walsh, Inc., even owned property which it might have 2 mortgaged to secure its loan guaranty. Absent extrinsic evidence sufficient to generate a material issue of fact, its opposition to summary judgment was unavailing. See id. ___ __ Accordingly, the district court judgment is affirmed; Accordingly, the district court judgment is affirmed; _______________________________________________________ costs to appellee. costs to appellee. _________________ 3